UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No. 17-23617-cv-CMA

ROSA MARIA CERRATO ALVAREZ,
and others similarly situated,

    Plaintiff,

TORCHAV, INC. d/b/a LUCERNA BAKERY and
JUAN CARKIS CHAVEZ,

    Defendants .
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, TORCHAV, INC. ("BAKERY") and JUAN CARLOS CHAVEZ ("CHAVEZ") or as they may be referred together as "Defendants", through undersigned counsel, serve their Answer and Affirmative Defenses and state the following in defense of the Complaint:

1. Defendants admit that Plaintiff purports to bring a cause of action under the FLSA but deny that she has such a claim.

2. Defendants are without knowledge of the allegations in Paragraph 2.

3. As to Paragraph 3, BAKERY admits that it transacts business within Miami-Dade County. All other allegations in Paragraph 3 are denied.

4. Paragraph 4 is admitted to the extent it alleges CHAVEZ was a corporate officer and manager who ran the day to day operations of BAKERY and was responsible for Plaintiff's wages and schedules during an the Relevant Time Period. Any other allegations in Paragraph 4 are denied.

5. Defendants admit that venue is proper in the Southern District of Florida but deny there are acts or omissions that form the basis for the causes of action stated in the complaint.

## COUNT I - OVERTIME PAY UNDER THE FLSA

6. Defendants admit that Plaintiff purports to bring a claim that arises under federal law but such admission does not imply that Plaintiff has any causes of action under the FLSA. Defendants deny all remaining allegations in Paragraph 6.

7. As to Paragraph 7, Defendants admit that this Court has jurisdiction over claims arising under the FLSA but deny that the Plaintiff has any such claims.

8. As to Paragraph 8, Defendants admit that Plaintiff purports to paraphrase language from the cited statute but refer the Court to the actual statute for its full and exact language. No answer is required to Paragraph 8 because it states a conclusion of law.

9. Defendants deny that they employed Plaintiff for the period of time she alleges in Paragraph 9.

10. Paragraph 10 is denied except that BAKERY was engaged in interstate commerce.

11. Defendants admit that they employed two or more employees. All other allegations of Paragraph 11 are denied.

12  Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.and it is also denied that Plaintiff is entitled to any of the relief sought in the ad damnum clause following Paragraph 15.

## COUNT II -- FLSA MINIMUM WAGES

16. Defendants admit that Plaintiff purports to paraphrase language from the cited statute but refer the Court to the actual statute for its full and exact language. No answer is required to Paragraph 16 because it states a conclusion of law.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied and it is also denied that Plaintiff is entitled to any of the relief sought in the ad damnum clause following Paragraph 19 or in the letter which was attached to the Complaint pursuant to Florida Statute 448.110.

## AFFIRMATIVE DEFENSES

20. First Affirmative Defense. Assuming Plaintiff can state a claim upon which relief can be granted, she is not entitled to be compensated for time spent during work hours or on Defendants' premises which were attributable to personal pursuits that had no connection to Defendants' business.

21. Second Affirmative Defense. Assuming Plaintiff can state a claim upon which relief can be granted, she is not entitled to be compensated for time spent off premises or in between work hours which were attributable to personal pursuits that had no connection to Defendants' business.

22. Third Affirmative Defense. Assuming Plaintiff can state a claim upon which relief can be granted, Plaintiff is barred from seeking unpaid overtime wages for time which is not compensable "work time" under the Portal to Portal Act.

23. <u>Fourth Affirmative Defense</u> . Plaintiff fails to state a cause of action upon which relief can be granted because Defendants never met the definition of an "enterprise engaged in commerce" either before, during, or after Plaintiff's employment.

24. <u>Fifth Affirmative Defense</u>.  Assuming Plaintiff can state a claim upon which relief can be granted, Defendants are not liable for Plaintiff's accrual of overtime (other than as may have been authorized) as they never were aware or informed that Plaintiff was accruing the overtime hours she claims in this matter and further did not suffer or permit Plaintiff to work overtime (other than may have been authorized).

25. <u>Sixth Affirmative Defense</u>.  Assuming Plaintiff can state a claim upon which relief can be granted, Plaintiff is barred by the Statute of Limitations from seeking damages for any period of time that is more than two years prior to filing her Complaint

26. <u>Seventh Affirmative Defense</u>.  Assuming Plaintiff can state a claim upon which relief can be granted, Defendants are entitled to off-set overpayments of wages, bonuses or other monies, advanced pay, meals or other benefits she received in lieu of wages against any amount of wages found to be due to Plaintiff

27. <u>Eighth Affirmative Defense</u>.  Assuming Plaintiff can state a claim upon which relief can be granted, Plaintiff's claim for overtime is de minimus,

Defendants deny any matter in the Complaint which previously was not answered and further reserve the right to raise additional defenses as discovery may reveal.

WHEREFORE, having fully answered the Complaint, Defendants seek judgment

in their favor and against Plaintiff and such other relief as the Court deems fit and proper including dismissal of this case and the award of Rule 11 sanctions as a result of Plaintiff's knowledge that Defendants were not subject to the FLSA during her employment and refusal to dismiss this Complaint.

        Respectfully Submitted,

        LANGBEIN & LANGBEIN, P.A.
        Counsel for the Defendants
        8181 NW 154th Street, Suite 105
        Miami Lakes, FL 33016
        Tel: (305) 556-3663
        Fax: (305) 556-3647

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 10/23/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

        By: /s/ Leslie W. Langbein
        Leslie W. Langbein
        Fla. Bar No. 305391

## SERVICE LIST

J. H. Zidell, Esq.
Neil Tobak, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiff
Email: zabogado@aol.com