UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No. 17-23617-cv-CMA

ROSA MARIA CERRATO ALVAREZ,
and others similarly situated,

    Plaintiff,

TORCHAV, INC. d/b/a LUCERNA BAKERY and
JUAN CARKIS CHAVEZ,

    Defendants .
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendants, TORCHAV, INC. ("BAKERY") and JUAN CARLOS CHAVEZ ("CHAVEZ") or as they may be referred together as "Defendants", through undersigned counsel, serve their Answer and Affirmative Defenses and state the following in defense of the Amended Complaint:

1. Defendants admit that Plaintiff purports to bring a cause of action under the FLSA but deny that she has such a claim.

2. Defendants are without knowledge of the allegations in Paragraph 2.

3. As to Paragraph 3, BAKERY admits that it transacts business within Miami-Dade County and was Plaintiff's employer but not for the period of time that she claims. All other allegations in Paragraph 3 are denied.

4. Paragraph 4 is admitted to the extent it alleges CHAVEZ was a corporate officer and manager who ran the day to day operations of BAKERY and was responsible for Plaintiff's wages and schedules while Plaintiff was an employee. Any other allegations in Paragraph 4 are denied.

5. Defendants admit that venue is proper in the Southern District of Florida but deny there are acts or omissions that form the basis for the causes of action stated in the complaint.

## COUNT I - OVERTIME PAY UNDER THE FLSA

6. Defendants admit that Plaintiff purports to bring a claim that arises under federal law but such admission does not imply that Plaintiff has any causes of action under the FLSA. Defendants deny all remaining allegations in Paragraph 6.

7. As to Paragraph 7, Defendants admit that this Court has jurisdiction over claims arising under the FLSA but deny that the Plaintiff has any such claims.

8. As to Paragraph 8, Defendants admit that Plaintiff purports to paraphrase language from the cited statute but refer the Court to the actual statute for its full and exact language. No answer is required to Paragraph 8 because it states a conclusion of law.

9. Defendants admit that Plaintiff worked as a "customer attendant" ( also known as a counterperson) but deny both that she was employed as a bakery assistant and that she worked for the period of time she alleges in Paragraph 9.

10. Paragraph 10 is denied except that BAKERY was engaged in interstate commerce.

11. Defendants admit that they employed two or more employees who handled goods that had moved through interstate commerce. All other allegations of Paragraph 11 are denied.

12 Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.and it is also denied that Plaintiff is entitled to any of the relief sought in the *ad damnum* clause following Paragraph 15.

## COUNT II -- FLSA MINIMUM WAGES

16. Defendants incorporate by reference their prior answers to Paragraphs 1-15 and admit that Plaintiff purports to paraphrase language from the cited statute but refer the Court to the actual statute for its full and exact language. No answer is required to Paragraph 16 because it states a conclusion of law.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied and it is also denied that Plaintiff is entitled to any of the relief sought in the *ad damnum* clause following Paragraph 19

## COUNT III - FMWA Claim

20. Defendants incorporate by reference their prior answers to Paragraphs 1-19 (although Plaintiff's Amended Complaint is a shot gun pleading) and admit that Plaintiff purports to paraphrase language from the cited statute but refer the Court to the actual statute for its full and exact language. No answer is required to Paragraph 20 because it states a conclusion of law.

21. Defendants admit that Plaintiff purports to paraphrase language from the cited statute but refer the Court to the actual statute for its full and exact language. No answer is required to Paragraph 21 because it states a conclusion of law.

22. Defendants admit that Plaintiff purports to paraphrase language from the cited Rule of Civil Procedure but refer the Court to the actual rule for its full and exact

language. No answer is required to Paragraph 22 because it states a conclusion of law.

23. Paragraph 23 is admitted.

24. Defendant are without knowledge of the allegations of Paragraph 24.

25. Defendants admit that Plaintiff purports to paraphrase language from the cited statute but refer the Court to the actual statute for its full and exact language. No answer is required to Paragraph 25 because it states a conclusion of law.

26. Defendants admit that Plaintiff purports to state the dates and types of state regulatory acts of which the Court can take judicial notice.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied and it is also denied that Plaintiff is entitled to any relief under the FMWA or as stated in the ad damnum clause following Paragraph 29.

## AFFIRMATIVE DEFENSES

30. <u>First Affirmative Defense</u>.  Defendants had a good faith belief that they were not subject to the FLSA and the FMWA.

31. <u>Second Affirmative Defense</u>.  Assuming Plaintiff can state claims upon which relief can be granted, she was a tipped employee for a portion of her hours under the FLSA and the FMWA and Defendants were entitled to apply an amount Plaintiff received from tips up to the maximum amount allowed by federal and state law against the minimum wages owed Plaintiff.

32. <u>Third Affirmative Defense.</u>  Assuming Plaintiff can state claims upon which relief can be granted, she is not entitled to be compensated for time spent during work

hours or on Defendants' premises which were attributable to personal pursuits that had no connection to Defendants' business.

33. <u>Fourth Affirmative Defense</u>.  Assuming Plaintiff can state claims upon which relief can be granted, she is not entitled to be compensated for time spent off premises or in between work hours which were attributable to personal pursuits that had no connection to Defendants' business.

34. <u>Fifth Affirmative Defense</u>.  Assuming Plaintiff can state claims upon which relief can be granted, Plaintiff is barred from seeking unpaid overtime wages for time which is not compensable "work time" under the Portal to Portal Act.

35. <u>Sixth Affirmative Defense</u> .  Plaintiff fails to state a cause of action upon which relief can be granted because Defendants never met the definition of an "enterprise engaged in commerce" either before, during, or after Plaintiff's employment.

36. <u>Seventh Affirmative Defense</u>.  Assuming Plaintiff can state a claim upon which relief can be granted, Defendants are not liable for Plaintiff's accrual of overtime (other than as may have been authorized) as they never were aware or informed that Plaintiff was accruing the overtime hours she claims in this matter and further did not suffer or permit Plaintiff to work overtime (other than may have been authorized).

37. <u>Eighth Affirmative Defense</u>.  Assuming Plaintiff can state a claim upon which relief can be granted, Plaintiff is barred by the Statute of Limitations from seeking damages for any period of time that is more than two years prior to filing her Complaint

38. <u>Ninth Affirmative Defense</u>.  Assuming Plaintiff can state a claim upon which relief can be granted, Defendants are entitled to off-set overpayments of wages, bonuses or other monies, advanced pay, meals or other benefits she received in lieu of wages against any amount of wages found to be due to Plaintiff.

39. <u>Tenth Affirmative Defense</u>.  Assuming Plaintiff can state a claim upon which relief can be granted, Plaintiff's claim for overtime is de minimus,

40. <u>Eleventh Affirmative Defense</u>.   Assuming Defendants are found to owe Plaintiff overtime wages or minimum pay, Defendants are entitled to off-set that amount by other monies; compensatory time off; or other benefits Plaintiff received in lieu of wages.

Defendants deny any matter in the Complaint which previously was not answered and further reserve the right to raise additional defenses as discovery may reveal.

WHEREFORE, having fully answered the Complaint, Defendants seek judgment in their favor and against Plaintiff and such other relief as the Court deems fit and proper including dismissal of this case and the award of Rule 11 sanctions as a result of Plaintiff's knowledge that Defendants were not subject to the FLSA during her employment and refusal to dismiss this Complaint.

          Respectfully Submitted,

          LANGBEIN & LANGBEIN, P.A.
          Counsel for the Defendants
          8181 NW 154th Street, Suite 105
          Miami Lakes, FL 33016
          Tel: (305) 556-3663
          Fax: (305) 556-3647

          By<u>: /s/ Leslie W. Langbein</u>
              Leslie W. Langbein
              Fla. Bar No. 305391

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 12/8/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By: /s/ Leslie W. Langbein
Leslie W. Langbein

SERVICE LIST

J. H. Zidell, Esq.
Neil Tobak, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiff
Email: zabogado@aol.com