UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23617-CIV-CMA/JG

ROSA MARIA CERRATO ALVAREZ and )
all others similarly situated under 29 U.S.C. )
216(b), )
  )
  Plaintiff, )
  vs. )
  )
TORCHAV, INC., d/b/a LUCERNA )
BAKERY, )
JUAN CARLOS CHAVEZ, )
  )
  Defendants. )
_____ )

**PLAINTIFF'S MOTION FOR APPROVAL OF PLAINTIFF'S ACCEPTANCE OF DEFENDANTS' OFFER OF JUDGMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION IN COMPLIANCE WITH THE COURT'S ORDER [DE36][1]**

COMES NOW the Plaintiff, by and through the undersigned counsel, in compliance with the Court's Order [DE36], and files the above-described Motion, and in support thereof states as follows:

1. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the

---

[1] The Parties have endeavored to file a Joint Motion however, as of the date of filing the instant Motion, the Parties have not come to an agreement regarding the content of same. Rather than continue to run up fees on both sides unnecessarily so that a Joint Motion can be submitted, Plaintiff submits the instant Motion for the Court's review.

Page **1** of **7**

Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

2. A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claim for unpaid overtime and minimum wages under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA") and the alleged damages associated with same.

3. Plaintiff contends that She was not properly paid her overtime and minimum wages as required by the FLSA during the relevant time period.

4. Defendants have denied all of Plaintiff's allegations and asserted various affirmative defenses, including that the Corporate Defendant, TORCHAV, INC. d/b/a LUCERNA BAKERY, disputes that it is a covered enterprise under the FLSA and FMWA as it allegedly failed to meet the $500,000.00 monetary threshold requirement.

5. While Defendants attempt to rely on tax returns to support their position that it was not subject to the FLSA and FMWA for alleged failure to meet the $500,000 monetary threshold requirement, Plaintiff contested these figures on the basis that not all sales were accounted for and that almost all, if not all, of Defendants' employees were paid off the books. Plaintiff conducted the depositions of Defendants and Defendants' accountant. *See, Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008). Through the depositions conducted, Plaintiff was able to uncover at a minimum $70,000 of unreported cash sales. Plaintiff intended to conduct further relevant financial discovery (i.e. depose Defendants' suppliers, employees/independent contractors, etc.) to further invalidate Defendants' financial

documents as taxes are not dipositive of the annual jurisdictional amount and Plaintiff is entitled to conduct discovery as to the veracity of the documents, especially in light of the limited discovery which uncovered which shows the taxes could not be relied on. *See Francois v. Fried Green Tomatoes, Inc.,* 306 F. App'x 443, 445 (11th Cir. 2008) (jury could reasonably question tax returns and business ledgers to determine gross sales. Through the testimony elicited by said witnesses it became apparent to Plaintiff that due to the cash nature of Defendants' business it would be difficult to track the cash sales and, therefore, difficult to prove jurisdiction. To avoid risks and additional expenses with continued litigation of this matter, including jury trial, Plaintiff accepted Defendants' Offer of Judgment.

6. Defendants served Plaintiff with an Offer of Judgment, dated 12/18/17, that included a settlement agreement and Plaintiff filed her Notice of Acceptance of Defendants' Offer of Judgment and Proposal of Settlement to Rosa Maria Cerrato Alvarez. *See,* [DE34]. Costs were $1,220.00 as of the date of accepting Defendants' Offer of Judgment and Plaintiff's counsel is not being compensated in attorneys' fees as the costs are not even being paid in full by the Settlement Sum.

7. As per the Court's Order [DE36], "[w]here a settlement must be approved by the Court, the settlement becomes a part of the judicial record, and therefore, may not be deemed confidential even if the parties so consent. *See, e.g., Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002) (noting that even when a settlement is entered into the court's file under seal it becomes part of the judicial record). Accordingly, the parties are not to submit their settlement agreement under seal." As such, Plaintiff hereto attaches a copy of the "Confidential Settlement Agreement and General Release" executed by Plaintiff as

Exhibit "A."[2] *See also,* P.14, Par.8a.(1)("The Parties agree that this Agreement shall be tendered to the Court for its review and approval. The Parties and their attorneys agree that if this Agreement must be filed on the docket for approval, they shall not thereafter disclose the existence and terms of this Agreement (or refer individuals to the docket entry) and the content of the discussions pertaining to negotiations for this Agreement, (all considered to be "Confidential Information") except as may otherwise be required by the Court or to anyone other than each EMPLOYEE'S spouse (if any), corporate personnel on a need to know basis; U.S. government agencies (such as the Internal Revenue Service), the Florida Department of Economic Opportunity or the Parties' accountants, tax preparers or auditors.").

8. Plaintiff has accepted Defendants' Offer of Judgment to avoid risks and additional expenses associated with continued litigation of this matter, including trial.

9. As per the Settlement Agreement, the Parties agree that each party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions.

---

[2] To date, Defendants have not furnished Plaintiff with an executed copy of the Agreement signed by Defendants.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Rivkah F. Jaff, Esq. ___
          Rivkah F. Jaff, Esquire
          Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/4/18 TO:**

**LESLIE W. LANGBEIN, ESQ.
LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET**

 **BY:\_\_/s/\_\_\_\_Rivkah F. Jaff_____
      RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23617-CIV-CMA/JG

| | |
|---|---|
| ROSA MARIA CERRATO ALVAREZ and all others similarly situated under 29 U.S.C. 216(b),<br><br>Plaintiff,<br>vs.<br><br>TORCHAV, INC., d/b/a LUCERNA BAKERY,<br>JUAN CARLOS CHAVEZ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF PLAINTIFF'S ACCEPTANCE OF DEFENDANTS' OFFER OF JUDGMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION IN COMPLIANCE WITH THE COURT'S ORDER [DE36]**

Having reviewed the "Confidential Settlement Agreement and General Release" pursuant to Plaintiff's acceptance of Defendants' Offer of Judgment it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against Defendants with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** in its entirety by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. All pending motions in this case are DENIED as moot, and this case is CLOSED.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2017.

                                                                                             _____

CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record