UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23617-CIV-ALTONAGA/Goodman

**ROSA MARIA CERRATO ALVAREZ**,

    Plaintiff,
vs.

**TORCHAV, INC.** and **JUAN CARLOS CHAVEZ**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff, Rosa Maria Cerrato Alvarez's Motion for Approval of Defendants' Offer of Judgment [ECF No. 38], filed January 4, 2018; and Defendants, Torchav, Inc. and Juan Carlos Chavez's Verified Response [ECF No. 39], filed the same day. The Motion seeks the Court's approval of the parties' proposed Settlement Agreement [ECF No. 38-1] which includes a provision for the award of attorney's fees. The Court has carefully considered the Motion, Agreement, record, and applicable law.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-

Orl-35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

Factors the Court considers in determining whether requested attorney's fees are reasonable include:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal service properly;
4) the preclusion of other employment by the attorney due to the acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

Under the terms of the Agreement, the parties appear to have agreed to settle this lawsuit for $1,500.00. (*See* Agreement § 5(c)). That total breaks down to $300.00 to Plaintiff, Rosa Maria Cerrato Alvarez, and $1,200.00 to Plaintiff's counsel. (*See id.*).[1]

Regarding the attorneys' fees and costs, neither the Motion nor the Agreement includes affidavits or exhibits detailing the number of hours Plaintiff's counsel worked on this case, the description of the work done for those hours, and what hourly rates were used to calculate reasonable fees. (*See generally id.*; Mot.). Without that information, the Court cannot scrutinize the reasonableness of the attorney's fees and costs awarded under the Agreement. The "FLSA

---

[1] The Agreement contains inconsistent statements as to the amount the settlement is for. The Agreement states Defendants are to pay Alvarez and her counsel "the total sum of fifteen hundred dollars and No Cents ($1500)" but in the same paragraph states "[t]he Settlement Sum of $6,000.00 shall be apportioned as follows . . . ." (Agreement § 5(c)). The Agreement also states Alvarez "shall receive the sum of three hundred dollars and no cents ($500.00) . . . ." The parties are advised to rectify these errors in a revised Agreement.

2

requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The "FLSA provides for *reasonable* attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. . . . To turn a blind eye to [a] . . . fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to [the] FLSA's provisions for compensating the wronged employee." *Id.* at 351–52 (emphasis and alterations added; citations omitted).

As the Motion and Agreement fail to adequately explain Plaintiff's attorney's fees and costs, the Court cannot determine the fairness and reasonableness of the proposed Agreement and cannot grant the Motion.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Approval of Defendants' Offer of Judgment **[ECF No. 38]** is **DENIED without prejudice**.

2. The parties must submit a revised Motion and Agreement — with a proposed order and affidavits or exhibits regarding attorneys' fees and costs — that conform to the FLSA by **January 12, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of January, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record